# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Thelma Jones, Priyia Lacey, Faisa Abdi,
Ali Ali, Rukiya Hussein, Lucia Porras,
David Trotter-Ford, and Somali Community
Resettlement Services, Inc.

Civil No. 18-cv-1643 (JRT/HB)

               Plaintiffs,

**PRETRIAL SCHEDULING ORDER**

v.

City of Faribault,

               Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The parties and their counsel are expected to work diligently to meet these deadlines. This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.[1]

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to

---

[1] Parties who agree by stipulation to seek a modification of this Scheduling Order may submit the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must set forth good cause for modification of the order as required by Local Rule 16.3.

keep the court timely informed of developments in the case that could significantly affect the case management schedule.

The parties are also reminded that Magistrate Judge Bowbeer's Practice Pointers, which have recently been revised, are available on the United States District Court for the District of Minnesota's website.  All parties are expected to be familiar with and adhere to these Practice Pointers, including any variances from the Local Rules.

## PLEADINGS

1. All motions that seek to amend or supplement the pleadings (other than to add a claim for punitive damages) or to add parties must be filed and served on or before **November 26, 2018**.

2. All motions that seek to amend the pleadings to add a claim for punitive damages or bad faith damages under Minn. Stat. § 604.18, if applicable, must be filed and served on or before **May 15, 2019**.

3. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading.  (See Local Rule 15.1.)

## DISCOVERY DEADLINES AND LIMITS

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **September 24, 2018**.  Documents identified by category or location will be produced on or before **October 12, 2018**.

2. Fact discovery procedures must be commenced <u>in time to be completed</u> on or before **June 19, 2019**.

3. To facilitate the taking of depositions, the parties agree that document production should be substantially complete by **March 15, 2019**.

4. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served on each party.  No more than **25 requests for admissions** shall be served by each side.  Reasonably focused requests for admissions that only seek admissions as to the authenticity or genuineness of documents do not count toward this limit.

5. Defendant may seek to conduct one Rule 35 examination of each Plaintiff. Plaintiffs reserve the right to object to any such examination. If Defendant wishes to proceed with any such examinations, it must notify Plaintiffs' counsel in writing of the name, address, and specialty of the proposed examiner/s, and the proposed date/s for the examination/s, which shall be sufficiently in the future to allow for resolution of any objections. Any objections must be made in writing **no later than seven days after** the date of the notification from Defendant. If there are objections, the parties shall meet and confer in good faith. If they cannot resolve the dispute and Defendant wishes to proceed with an examination, Defendant must bring the issue to the Court through formal motion or, if the parties agree, through the Court's Informal Dispute Resolution process. Any examination must be completed in sufficient time to allow the report to be prepared and disclosed by Defendant's deadline for expert discovery set forth herein.

6. Each side may take no more than **15 depositions**, excluding expert witness depositions. The parties acknowledge that Plaintiffs Faisa Abdi, Ali Ali, and Rukiya Hussein will need to be deposed through a Somali translator. Unless the parties agree otherwise, Defendant will be responsible for providing and compensating a qualified translator for those depositions. The parties agree that depositions will take place in Faribault unless the deponent agrees to travel elsewhere.

7. The parties have agreed to a protocol for the discovery and preservation of electronically stored information ("ESI"). That protocol is attached as Exhibit A and incorporated by reference herein.

8. The parties are reminded that Fed. R. Civ. P. 26(b)(1) provides that discovery must be both relevant to any party's claim or defense and proportional to the needs of the case, considering, *inter alia*, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues, as well as whether the burden or expense of the proposed discovery outweighs its likely benefit. Accordingly, requests must be tailored and specific to the issues, and general requests for "all relevant documents" do not meet these criteria. At the same time, Fed. R. Civ. P. 34(b)(2) requires that a responding party must "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Boilerplate or general objections that do not clearly communicate whether and to what extent the scope of the response is more limited than the scope of the request do not meet these criteria.

9. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other state or federal action.

**NON-DISPOSITIVE MOTIONS**

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1.[2] *The "meet and confer" requirement shall include attempts to do so through personal contact, rather than solely through correspondence.* All non-dispositive motions shall be scheduled for hearing by calling Judith Kirby, Courtroom Deputy/Judicial Assistant for Magistrate Judge Bowbeer, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

1. Non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, shall be filed and served on or before **July 3, 2019**. This includes motions relating to fact discovery and motions to amend this Scheduling Order.

---

[2] The parties are reminded that under Local Rule 7.1, the time for filing and serving a response to a non-dispositive motion is counted from the date of filing of the motion, not from the date of service. Therefore, Fed. R. Civ. P. 6(d) has no application to the timing for the filing and service of responses.

4

2. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **August 15, 2019**.

3. The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile, provided that the initial motion and supporting papers are filed no less than 21 days before the hearing date, and the reply must be filed no more than 7 days after the other side files its response arguing futility. To anticipate this expanded briefing schedule, the parties must discuss during the required pre-motion meet-and-confer whether the other side intends to argue futility. In such cases, the total word count for the opening and reply memoranda may not exceed 12,000 words unless otherwise authorized.

For all other non-dispositive motions, the moving party must obtain leave of Court before filing a reply memorandum. If the court grants leave to file a reply, the reply must be e-filed and delivered to chambers no later than four days after the filing of a response to a non-dispositive motion. For a case involving one or more parties who are not on the court's CM/ECF system (e.g., a case involving *pro se* litigants), the Court will set a date by which any reply is to be served and filed. Unless otherwise authorized, the reply memorandum may not exceed 1,750 words, including footnotes, and the total word count for the opening and reply memoranda may not exceed 12,000 words.

4. Before scheduling or filing any formal motion relating to discovery, the movant must request a conference with the Court by calling Judith Kirby, Courtroom Deputy/Judicial Assistant to Magistrate Judge Bowbeer, at 651-848-1900.

**INFORMAL DISPUTE RESOLUTION (IDR)**

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties to the dispute should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the Court. If the parties agree, the "moving party" must submit <u>by email to the chambers of Magistrate Judge Bowbeer</u> (*bowbeer_chambers@mnd.uscourts.gov*) a letter representing

that the parties wish to engage in IDR, and setting forth (1) the well-defined issue to be resolved, (2) the party's position on the issue, and the factual and legal basis for that position, and (3) a clear bullet-point summary of the relief sought.  Within three business days after the "moving party's" letter is submitted, each responding party must submit a letter confirming its agreement that the dispute may be resolved through IDR and setting forth its position on the merits of the dispute.  For purposes of this process, a letter that is emailed after 4:30 p.m. Central Time will be considered as having been submitted the following day.

     The subject line of each letter must include the name of the case and the case number, and must clearly denote that the letter pertains to an IDR request.  In addition, the subject line of the "moving party's" initial letter must state the date (no earlier than three days following the date the responsive letter is due) by which the parties would like to be heard.  Each letter may not exceed five (5) pages, single-spaced, and may include no more than three (3) exhibits.  The letter may include a concise discussion of legal authorities, but the court will not review lengthy briefs or voluminous exhibits, as the purpose of the IDR process is to reduce the time and expense associated with the resolution of non-dispositive issues that may arise during the pretrial process.  The Court will request additional exhibits or authorities if needed, and may in its discretion conclude that the issue should instead be submitted by formal motion.

     The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding party or parties.  At least one (1) attorney for each party knowledgeable about each

disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the Magistrate Judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter.

There will be no transcript or other recording of IDR proceedings, and the decision of the magistrate judge on an issue submitted through the IDR process cannot be appealed to the District Judge.  Therefore, if all parties to the dispute do not agree to participate in IDR, the dispute must be submitted to the Court by formal motion.

## **PROTECTIVE ORDER AND HANDLING OF SEALED DOCUMENTS IN CONNECTION WITH MOTIONS**

If there is a dispute about the terms of a protective order following a meaningful meet and confer, it should be submitted to the Court as soon as possible in accordance with the procedures governing non-dispositive motions.[3]  In the interim, any documents that any producing party believes should be governed by a protective order must be produced to opposing counsel for attorney's review only and may not be withheld on the basis that no protective order is yet in place.  After the protective order is entered, the producing party shall designate the documents as provided by the protective order.

---

[3]   Parties who agree by stipulation to a protective order may submit the stipulation with the proposed order to the Court without a motion and do not need to comply with Local Rule 7.1(b).

**The parties are reminded that the new Local Rule 5.6 on filing documents under seal in civil cases became effective February 27, 2017, and governs the filing of documents under seal in this case on and after that date.**

If a party files a document under seal, counsel shall provide the Court with two courtesy copies of each sealed document – a hard copy and an electronic copy (furnished on a CD, thumb drive, or similar media). The confidential information (i.e., the information that was redacted from the publicly filed document) must be *highlighted in yellow* on both the hard copy and the courtesy copy provided to the Court. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copies of that document shall so note. The courtesy copies must be delivered to the chambers of the Magistrate Judge no later than the next business day after the documents are e-filed.

If a party intends to file in connection with a motion a document the party believes in good faith is not confidential but which has been designated by another party as confidential or protected, the party intending to file the document is encouraged to meet and confer with that party concerning the designation of the document and if necessary to follow the procedures set forth in the protective order to challenge the designation of the document, to the extent practicable, before the party's submission is due.

A joint motion for sealing filed pursuant to Local Rule 5.6 must not only set forth the justification(s) for continued sealing but must, to the extent practicable, identify with specificity the portion or portions of each document for which the parties seek continued sealing. That a document was designated as confidential under a protective order cannot

be the sole reason to support continued sealing. If a redacted public version of any such document has not already been filed, or if further good faith review by the party who asserts confidentiality reveals that some of the previously redacted material does not require sealing, the party who claims the confidentiality of that information must file a redacted version of that document and refer to it in the joint motion for sealing.

## **EXPERTS**

1. Each side may call up to **four** expert witnesses. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    Identification by Plaintiff on or before **April 1, 2019**.

    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **April 1, 2019**.

    Identification by Defendant on or before **June 3, 2019**.

    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **June 3, 2019**.

    Rebuttal expert identities and disclosures on or before **July 1, 2019**.

3. Expert discovery, including depositions, shall be completed by **August 1, 2019**.

## **SETTLEMENT CONFERENCE**

At the current time, it does not appear that an early settlement conference would be beneficial, but the parties are encouraged to keep the lines of communication open and to explore all opportunities for early resolution of some or all issues. The Court will hold a status conference by telephone with counsel **at 8:30 a.m. CST on December 12, 2018**

to discuss the parties' progress in discovery and possible resolution, as well as to consider again whether and, if so, when a settlement conference with the Court could be of assistance. Chambers will initiate the call. Counsel must meet and confer before the call and must submit by e-mail to chambers a joint update letter addressing those topics on or before **December 10, 2018**. The letter should also include the names and telephone numbers of counsel who will participate on the call.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or ex parte requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any ex parte request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to ***bowbeer_chambers@mnd.uscourts.gov***. The Court will treat ex parte requests as confidential unless otherwise advised.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **October 1, 2019**. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before **21 days** after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed **14 days** after the service of the response to the dispositive motion. Upon the motion being fully briefed and

filed, counsel for the moving party shall e-mail Chief District Judge John R. Tunheim's chambers at *tunheim_chambers@mnd.uscourts.gov* to request a hearing date.  Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 before all discovery has been completed without first obtaining permission from the undersigned.  Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time.  The other party or parties may file brief letters in support of or in response to the request within 5 days.  Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**TRIAL**

This case shall be ready for a **jury** trial on **January 2, 2020**.  The anticipated length of trial is **ten** days.

Dated:  September 25, 2018           s/ *Hildy Bowbeer*
                                      HILDY BOWBEER
                                      United States Magistrate Judge