# EXHIBIT A

## PROTOCOL FOR PRESERVATION & DISCOVERY OF ELECTRONIC STORED INFORMATION ("ESI")

**PURPOSE STATEMENT:**

The parties submitted this protocol in compliance with the Court's Pretrial Scheduling Order. The purpose of the protocol is to provide guidance to the parties regarding discovery of ESI in this case and to streamline ESI production. Nothing in this protocol relieves a party from its obligation to produce non-ESI documents pursuant to Federal Rule of Civil Procedure 34.

**PRESERVATION:**

**Parties agree:** If the parties have not already done so, they will immediately issue a litigation hold/preservation notice to their clients. The parties are required to preserve ESI from sources that are reasonably accessible and likely to contain potentially relevant ESI, consistent with their obligations under the applicable rules.

**PRODUCTION:**

1. In response to discovery requests, reasonably accessible ESI sources shall be searched, and responsive, relevant, and non-privileged ESI shall be produced in electronic format to the requesting party in native original format (e.g., Excel, Word or PDF) via email, CD, or flash drive. Existing metadata, as defined below, shall be included with production of all ESI. A duplicate file in pdf format may be produced for the convenience of bates labeling and tracking. If native format documents would be unduly burdensome to produce, a party may propose an alternative solution.

2. Metadata shall include:

    For email:
    a. Custodian (name of custodian from which file is being produced);
    b. Author (FROM field);
    c. CC;
    d. BCC;
    e. Recipient (TO field);
    f. Date Sent (date the email was sent);
    g. File Ext (extension for the file);
    h. Email Folder (The folder within the mailbox where the message resided);
    i. Bates Begin (beginning production number);

      j.    Bates End (ending production number);

For pictures/photographs, metadata shall mean exchangeable image file data, and shall include:

    a.    Date taken;
    b.    Camera Maker;
    c.    Camera Model;
    d.    Latitude;
    e.    Longitude;
    f.    EXIF Version;

For all other ESI, including attachments to emails, metadata shall include:

    a.    Custodian (Name of Custodian from which file is being produced);
    b.    Author (Author of file from properties);
    c.    Doc Title (Title of file from properties);
    d.    Doc Subject (Subject of file from properties);
    e.    Created Date (Date the file was created);
    f.    Last Modified Date (Date the file was last modified);
    g.    Last Saved By (Name of user who last saved the file);
    h.    Doc Type (Email, Attachment or Loose File);
    i.    Bates Begin (beginning production number);
    j.    Bates End (ending production number).

3. To the extent that additional metadata is sought by a party in particular ESI, such request must be specifically set forth in a discovery request.

4. Documents withheld on the basis of attorney-client privilege or the work-product doctrine will be identified in a privilege log by date, author(s), recipient(s), general description of document and subject matter, and source retrieved from. Parties need not identify documents withheld on the basis of attorney-client privilege or the work-product doctrine created after June 13, 2018.

5. To the extent that the parties have databases or internal document management systems that contain probative and potentially relevant information related to the claims and defenses in this case, they will produce responsive, relevant and non-privileged documents stored within such databases/systems and any responsive, relevant and non-privileged reports generated by such databases/systems.

6. Electronic mail shall be produced along with attachments to the extent the message or any attachment is responsive, relevant, and not privileged. To the extent the message or one or more attachments is privileged, irrelevant, or non-

responsive, the responsive, non-privileged documents shall be produced and the documents will be Bates numbered in order in sequence with the attachments and the removed privileged documents shown on a privilege log with corresponding Bates numbers.

7. Black and white images are sufficient for production, unless a requesting party specifically requests that a copy of certain ESI be produced in color.

8. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation by the time of production, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format.

9. To the extent that any probative and relevant information related to the claims and defenses in this case reside in cloud storage (e.g., Dropbox, Google Drive, etc.) or social media (e.g., Facebook, Twitter, LinkedIn, Google Plus), such responsive, relevant and non-privileged ESI shall be produced.

10. Where responsive video or audio files exist, the producing party shall disclose that fact so that the parties can discuss the format for production.

11. Encrypted passwords necessary to obtain any ESI will be provided to opposing parties, if necessary, to access such electronic information.

12. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. The parties will meet and confer on these topics promptly. If there are disputes that the parties are unable to resolve, they will present the issue to the Court for resolution.

13. If a party chooses to use a vendor to assist with predictive or iterative coding to collect responsive emails, this fact will be disclosed to the requesting party. The responding party will produce information about the ESI culling and review methodology to verify and validate the process if requested by the requesting party.

14. Inadvertent production of privileged documents or ESI will not waive the privilege. If such inadvertent production is made and the disclosing party informs other counsel, the receiving party will return the produced documents and remove copies of any such data from its system.