March 25, 2019

Hon. Hildy Bowbeer
United States District Court
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101

              **Re: Joint Update Letter,** *Jones et al. v. City of Faribault*
                      Civ. No. 18-cv-1643 (JRT/HB)

Dear Magistrate Judge Bowbeer:



National Office
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
aclu.org



P. O. Box 14720
Minneapolis, MN 55424
651.645.4097
ACLU-MN.ORG

As required by the Court's minute entry from December 12, 2018 (ECF No. 24), we write this joint letter to update you on the parties' progress in discovery and whether the parties are ready for a settlement conference.

**Progress in Discovery**

Discovery is ongoing. Both sides maintain they are "substantially complete" with document production. Both sides, however, still have outstanding discovery requests and disputes.

*Plaintiffs' Position*

Plaintiffs have raised several deficiencies with Defendant's production, by letter and during a conference call on March 14, 2019. Those deficiencies include (1) Defendant's failure to retrieve and search the files and e-mail accounts of six former City officials whom evidence shows were instrumental in proposing, drafting, supporting, and/or implementing the 2014 version of the challenged Ordinance; (2) Defendant's failure to establish its privilege claims, under which it is withholding portions of approximately 200 documents; and (3) Defendant's refusal to produce occupancy registers and other documents (see # 1, above) under its control. In addition, Plaintiffs are still reviewing the sufficiency of Defendant's specific searches and may take up that issue as well. On March 22, 2019, Defendant informed Plaintiffs that it will not revisit its position on the most significant of these issues, # 1 above, and will only revisit issues ## 2 (privilege claims) and 3 (occupancy registers) if Plaintiffs narrow or restate their requests. Because those requests are reasonable and consistent with Defendant's discovery obligations, Plaintiffs foresee filing a motion to compel with the Court.

Given these ongoing document production issues, especially that the e-mail accounts of six likely deponents have not been searched, Plaintiffs anticipate the need to extend the scheduling order by an additional 60 days (save for expert disclosures) to conduct discovery and motions practice.

*Defendant's Position*

Defendant has identified several deficiencies in Plaintiffs' responses to Defendant's discovery requests, which include evasive and incomplete disclosures and answers. While Plaintiffs agreed to address their evasive discovery responses in December 2018, they have yet to do so, and they have refused to further address the issue of their incomplete disclosures and answers. Defendant conferred with Plaintiffs on this issue on March 14, 2019, at which time Plaintiffs' counsel acknowledged they could obtain the information needed to provide a complete response simply by asking their clients. On March 15, however, Plaintiffs affirmed they were unwilling to take these reasonable steps out of a belief it would not be proportional to the needs of this case. While Plaintiffs' refusal is improper, Defendant believes it can resolve these issues through depositions and without Court action.

Regarding Plaintiffs' proposed discovery motion, the bases for this motion are meritless, as Defendant has complied with and exceeded its discovery obligations. Assuming Plaintiffs cure their evasive responses, as they previously agreed to do, discovery remains on track and can be completed within the constraints of the Court's Scheduling Order, thus obviating the need for any discovery motions or extending scheduling order deadlines.

**Settlement Conference**

*Plaintiffs' Position*

Plaintiffs are prepared to confer regarding possible settlement. Their demands, however, have not deviated from the relief they seek under the Amended Complaint (ECF No. 9), most importantly, the repeal of the challenged Rental Licensing Ordinance, Ord. No. 2017-13, and the relief outlined in the settlement letter Plaintiffs sent Defendant on August 8, 2018.

*Defendant's Position*

Defendant is not prepared to confer regarding possible settlement. To this point Plaintiffs have refused to disclose any information regarding their alleged psychological injuries, or potential pre-existing medical conditions. This information bears directly upon Plaintiffs' claimed damages. Defendant has, and will continue to, seek this information through additional discovery and without Court action, but it remains unclear whether Plaintiffs will cooperate in the discovery process.

        Sincerely,

        */s/ Alejandro Ortiz*
        Alejandro Ortiz
        ACLU Foundation

        */s/ Jason J. Kuboushek*
        Jason J. Kuboushek
        Iverson Reuvers Condon