# EXHIBIT B

March 21, 2019

**VIA EMAIL**

Mr. Paul Reuvers
Mr. Andrew A. Wolf
Mr. Jason Kuboushek
Iverson Reuvers Condon
9321 Ensign Avenue South
Bloomington, MN 55438

Re: *Jones et al. v. City of Faribault*, Civ. No. 18-cv-1643



National Office
125 Broad Street, 18th Floor
New York, NY 10004

(212) 549-2500
aclu.org



P. O. Box 14720
Minneapolis, MN 55424
651.645.4097
ACLU-MN.ORG

Dear Counsel:

I write for Plaintiffs to respond to certain inquiries of yours from the parties' conference last week; to highlight Defendant's deficient privilege log and its objection to Plaintiffs' Second Set of Request for Production ("RFPs"); and to ask that you consider agreeing to a 60-day extension of time ("EOT") on discovery deadlines, save for expert disclosures, given ongoing discovery disputes.

**Plaintiffs' Responses to Defendant's Interrogatories**

First, we confirm that, due to a scrivener's error, one of Plaintiff Rukiya Hussein's former addresses was listed incorrectly at several places in her response to Defendant's Interrogatories. To clarify, from October 2010 to December 2015, Ms. Hussein lived at the following address: 1625 17th Street NW No. 47,[1] Faribault, MN 55021.

Second, Plaintiffs have revisited their answers to Defendant's Interrogatory No. 16. We maintain our position that while criminal arrests and convictions appear relevant to your defense, Plaintiffs do not intend on producing additional information about Plaintiffs' criminal history. This information, if it exists, is in the public domain and readily accessible by Defendant. Accordingly, given Defendant's relative access to this information, producing it is not proportional to the needs of the case. Plaintiffs reserve the right to revisit their response if Defendant clarifies the criminal information it seeks and explains why it cannot obtain that information through publicly accessible records.

**Defendant's Privilege Log**

Plaintiffs ask that you either revise your privilege log or withdraw your privilege claims and produce the withheld documents. The bases for your privilege claims, in every instance, are entirely deficient. Among other

---

[1] Her address was incorrectly listed as No. 57.

1

problems, you provided no information about when the withheld document was created;[2] its author[3] including their job title; the job titles of all recipients; nor a description of the document, including its subject matter and the purpose for which it was created.  Plaintiffs cannot assess Defendant's claims without this information.[4]  Accordingly, please either revise your log or produce the withheld documents.

**Defendant's Objection to Plaintiffs' Second Set of RFPs**

Plaintiffs also ask that Defendant withdraw its boilerplate objection to their request for copies of all occupancy registers maintained by Licensees and produce them.  The occupancy registers are, by law (*i.e.*, the challenged ordinance), available to Defendant and thus within its control.[5]  They are, therefore, discoverable if relevant to Plaintiffs' claims and proportional to the needs of the case.  These records are directly relevant to show the disparate impact of the occupancy restriction and to provide the name of witnesses who can attest to that impact and any animus they may have faced in connection with the ordinance.  For these reasons, and because it lacks specificity, Defendant's objection that producing these registers is disproportional to the needs of case is entirely inapposite.  Please either provide more information regarding the nature of your objection or produce the requested occupancy registers.

**Extension of Time**

Plaintiffs intend on raising with Magistrate Judge Bowbeer the need

---

[2] This may not be the same as the information in the "Date/Time" field.

[3] This may not necessarily be the same person identified in the "From" field.

[4] As stated in the advisory committee notes to the 1993 amendments to Fed. R. Civ. P. 26(b)(5), a privilege log "should be as specific as possible in identifying the information and stating the basis for the claim." *See also Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 447 (D. Minn. 2011) (noting that a privilege log requires more than "boilerplate or uninformative" description); *Triple Five of Minnesota, Inc. v. Simon*, 212 F.R.D. 523, 527–28 (D. Minn. 2002), *aff'd,* No. CIV.99-1894 PAM/JGL, 2002 WL 1303025 (D. Minn. June 6, 2002).

[5] *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 981 (D. Minn. 2008) ("'[C]ontrol' [under Rule 34] does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action."); *see also MasterMine Software, Inc. v. Microsoft Corp.*, No. 13-CV-971 (PJS/TNL), 2014 WL 12600147, at *8 (D. Minn. Nov. 10, 2014) (applying same liberal standard of "control"); *Damgaard v. Avera Health*, No. CV 13-2192 (RHK/JSM), 2014 WL 12599853, at *2 (D. Minn. June 9, 2014) ("Courts in this jurisdiction and other jurisdictions subscribe to the proposition that control not only encompasses actual physical possession of the documents, but also the legal right or practical ability to demand the documents from a third party.").

for additional time to conduct discovery given the ongoing disputes about document production. More specifically, Plaintiffs will resist proceeding to depositions when, from their view, Defendant has failed to fulfill its production obligations regarding six likely deponents.

From Defendant's perspective, while Plaintiffs are substantially complete with document production, we are still reviewing one of our clients' Facebook data to assess whether any additional ESI should be produced. We suspect, therefore, the Defendant would also welcome additional time. For these reasons, we ask that you consider a 60-day EOT on all discovery deadlines, including motions, save for expert disclosure, which would remain due April 1, 2019.

As you know, the parties must submit a joint letter to Judge Bowbeer by Monday, March 25, updating the Court on the parties' progress in discovery. Plaintiffs will circulate a draft letter tomorrow highlighting issues from their perspective and invite Defendant to add their own to the letter. We are available to confer on Monday, if necessary.

                                          Sincerely,

                                          */s/ Alejandro Ortiz*
                                          Alejandro Ortiz*
                                          Racial Justice Program
                                          American Civil Liberties Union
                                          (646) 885-8332
                                          ortiza@aclu.org
                                          *admitted *pro hac vice*