# EXHIBIT C

# Iverson Reuvers Condon
## Attorneys at Law



Mark J. Condon (1949-2016)
Jon K. Iverson
Paul D. Reuvers
Jason J. Kuboushek
Jason M. Hiveley
Susan M. Tindal
Stephanie A. Angolkar
Megan C. Kelly
Andrew A. Wolf
Francine M. Kuplic

March 22, 2019

Alejandro A. Ortiz
Joshua Riegel
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Teresa Nelson
Ian Bratlie
American Civil Liberties Union of Minnesota
P.O. Box 14720
Minneapolis, MN 55415

RE:   ACLU v. City of Faribault
      Court File No. 18-cv-1643
      Our File No. 100.2011

Dear Counsel:

Below please find Defendant's response to the issues you outlined in your March 15 and March 21 correspondence.

**Custodians**

In your March 15 correspondence, you claim "only yesterday—months after Plaintiffs identified all but one of these individuals as necessary custodians—did Defendant apparently take the basic step of asking their ESI consultant and client whether these former officials' e-mail accounts were accessible." This is not only false, but a substantial misrepresentation of what was said during our meet and confer. As you were told during our meet and confer, from the outset we instructed our ESI consultant to recover these e-mails if possible and were informed they could not be recovered. We reached out to our ESI consultant after our meet and confer to confirm this was the case. It was.

March 22, 2019
Page 2

**Plaintiffs' ESI search**

The ESI search conducted by Plaintiffs is deficient because it does not appear the search was in any way tied to Defendant's Requests for Production of Documents. It is clear from the search terms disclosed Plaintiffs have entirely ignored certain requests; however, it is impossible to determine the extent of the inadequacy because Plaintiffs have failed to disclose the actual search conducted for each Request. As you no doubt recall, it was Plaintiffs who argued an ESI search needed to be conducted for each request. Defendant disagreed but conducted such a search anyway to limit the discovery disputes between the parties. Defendant is hopeful Plaintiffs' search is consistent with the position they advanced previously, and Plaintiffs' failure to disclose the actual search conducted for each request was an oversight rather than a deliberate attempt at concealing the extent of the ESI search. As such Defendant looks forward to receiving further information regarding Plaintiffs' ESI search, which adequately discloses the search conducted for each request.

**Rule 34 labeling requirement**

Defendant did not agree to accept .dat files in lieu of compliance with the Rule 34 labeling requirement. Defendant does not intend to agree to accept .dat files in lieu of compliance with the Rule 34 labeling requirement because the files cannot be utilized without special software and are practically useless. Plaintiffs' assumption Defendant is using a document review platform to review Plaintiffs' ESI production is without justification. Therefore, Defendant demands Plaintiffs meet the Rule 34 labeling requirement per the method agreed upon by the parties in the ESI Protocol.

**Discovery Requests Concerning Family Behavior and Suitability for Tenancy**

Although you confirmed during our meet and confer you could learn this information by simply asking your clients, you now confirm you are refusing to do so because the burden of asking your clients is greater than the burden faced by Defendant in attempting to search for the information in publicly available sources. We disagree. The burden faced by Plaintiffs is non-existent. While Defendant could search for this information within the public domain, there is no guarantee Defendant will locate such

March 22, 2019
Page 3

information, nor is there any guarantee the information will be accurate or up to date. Defendant is confident the Court will agree Plaintiffs' refusal is unreasonable.

**<u>Defendant's Privilege Log</u>**

Plaintiffs' claims regarding the perceived deficiency of Defendant's privilege log are without merit. Defendant provided information regarding when the withheld document was created (see Date/Time), Defendant provided information regarding its author (see To), and provided a description of each document (see Record Type and Designation Notes). In each instance the basis for the privilege designation is the document was created for the purpose of requesting, rendering, or conveying legal advice. Defendant will neither revise the log nor produce the withheld documents but will revisit the designation of specific documents should Plaintiffs outline the alleged deficiencies with the requisite specificity.

**<u>Defendant's Objection to Plaintiffs' Second Set of RFPs</u>**

As you outline in your March 21 correspondence, the requested occupancy registers are not in Defendant's possession, but in the possession of Licensees. Defendant will not withdraw its objection to this request because this request is not proportional to the needs of this case. Both parties are aware there are over 350 Licensees who may or may not maintain a requested occupancy register. To obtain every requested occupancy register Defendant would be required to divert personnel to the task of contacting each licensee, requesting the occupancy register, taking physical possession of the occupancy register, copying the same, and returning the occupancy register to the licensee. Unlike the requests Plaintiffs claim are not proportional, this not a request which can be satisfied merely by asking the City for the information. Rather it would require substantial time, resources, and personnel to complete.

Furthermore, there is no corresponding benefit justifying this undue burden or making it proportional to the needs of this case. You claim "[t]hese records are directly relevant to show the disparate impact of the occupancy restriction and to provide the name of witnesses who can attest to that impact and any animus they may have faced in connection with the ordinance." But this claim is unfounded. Under the ordinance, the

March 22, 2019
Page 4

occupancy registers are not required to contain information concerning an individual's race or national origin. As such, no information can be gleaned from the registers, which could support Plaintiffs' discrimination claim. For these reasons, Defendant will not withdraw its objection that Plaintiffs' request is not proportional to the needs of this case. Should Plaintiffs limit this request to specific occupancy registers relevant to the claims at issue, Defendant will reevaluate the proportionality of such a request.

**Extension of Time**

Defendant does not agree an extension of time to conduct discovery is necessary.

Thank you for your attention to these matters.

Sincerely,

IVERSON REUVERS CONDON

Jason J. Kuboushek
Direct: (952) 548-7206
E-mail: jasonk@irc-law.com