# EXHIBIT E

# Iverson Reuvers Condon
## ATTORNEYS AT LAW



April 4, 2019

MARK J. CONDON (1949-2016)
JON K. IVERSON
PAUL D. REUVERS
JASON J. KUBOUSHEK
JASON M. HIVELEY
SUSAN M. TINDAL
STEPHANIE A. ANGOLKAR
MEGAN C. KELLY
ANDREW A. WOLF
FRANCINE M. KUPLIC

Alejandro A. Ortiz
Joshua Riegel
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Teresa Nelson
Ian Bratlie
American Civil Liberties Union of Minnesota
P.O. Box 14720
Minneapolis, MN 55415

**RE:**   **ACLU v. City of Faribault**
Court File No. 18-cv-1643

Dear Counsel:

We have reviewed your letter dated March 29, 2019 and provide the following response to the issues outlined therein. Additionally, we have taken this opportunity to outline Plaintiffs' outstanding discovery deficiencies, which we anticipate serving as the basis for a motion to compel should the parties be unable to reach a resolution.

1. Former City Official E-mail Accounts

Contrary to your claim, Defendant has explained why it has not produced relevant and responsive ESI from former City officials and employees. In short, it does not exist, which we have consistently told you.

Your letter substantially misrepresents and mischaracterizes Defendant's statements regarding the non-existence of the requested records. You were told in our March 14 correspondence these accounts no longer exist and the information associated could only be recovered if there was a local backup. As was stated in the same letter no local backup of these e-mails exists. Additionally, our IT Staff did reach out to Microsoft, which confirmed these e-mails were automatically soft-deleted after the user

April 4, 2019
Page 2

accounts were deleted, and permanently deleted 30 days afterward. And to be clear, the user accounts were, in fact, deleted after City Officials and employees left the City.

Regarding the mayor's e-mail account, we have now learned that the practice of using the address mayor@ci.faribault.mn.us was actually started when Mayor Kevin Voracek came into office and he asked his e-mail address be formatted in this manner. In other words, former Mayor Jasinski did not utilize that e-mail address, and his account no longer exists. Defendant will supplement its previous discovery responses consistent with this new information.

2. Inadequate Privilege Log

Defendant will update its privilege log to provide additional detail to demonstrate its assertion of privilege is proper.

3. Occupancy Registers

Finally, you ask that Defendant produce copies of all occupancy registers maintained by Licensees. You speculate it may not be necessary for the City to demand production of the occupancy registers from the 350+ Licensees because the City may have them already. As you have already been informed, the City does not have possession of any registers.

Defendant acknowledges the Ordinance requires Licensees make available for viewing and copying of the current register. *See* Ord. No. 2017-13, § 7-40(g). However, actually assembling all of the registers would be a significant undertaking. A mass mailing would be necessary to start the process, as the City does not have e-mail addresses for all of the 350+ Licensees. It is not information the City requires Licensees provide. While you attempt to ameliorate the burden to Defendant, you do not provide any basis to support the claim these documents are important to resolving the issues at stake such that their likely benefit outweighs the burden. Furthermore, you fail to note most of the personnel, time, and resources needed to complete this request would be expended in following up on the mailing with each individual Licensee who does not provide an occupancy register in response to the initial letter.

Moreover, even if Plaintiff was to assist in the mailing of a letter requesting such information, there is no requirement a Licensee mail a

April 4, 2019
Page 3

copy back. At most, the letter could request the Licensee contact the City to coordinate a time to view and copy the register. And finally, this means the City would still need to coordinate with each Licensee a reasonable time to view and copy each of the registers, which would be a massive undertaking. Consequently, the burden still outweighs any purported benefit, and is not proportional to the needs of this case.

The following outlines Plaintiffs' outstanding discovery deficiencies.

Plaintiffs' ESI search:

Our March 22, 2019 correspondence requested Plaintiffs provide Defendant with the list of ESI searches Plaintiffs allegedly conducted for each of Defendant's requests. As of the date of this letter you have not responded to this request. Plaintiffs additionally have failed to disclose the sources from which the ESI was compiled. As you are aware, ¶9 of the ESI Protocol requires you to search the individual Plaintiffs' social media accounts and produce such responsive, relevant, and non-privileged ESI. It does not appear Plaintiffs have conducted their ESI search consistent with the ESI protocol, as no social media documents have been produced, despite specific requests for such information.

Objections to Relevance: Responses to Requests for Production 52-54 (Jones, Lacey, Trotter-Ford, and Porras)

As Defendant first brought to your attention on November 21, 2018, Plaintiffs' objections to requests for documents evidencing controlled substance use are improper. Defendant noted such evidence is relevant to the extent it shows Plaintiffs risk being denied housing on account of their drug related activities rather than on account of their race.

Plaintiff Priyia Lacey's Response to 2nd Set of Requests for Production:

Defendant urges Plaintiff Priyia Lacey to withdraw her objections to the 2nd Set of Requests for Production and provide a full and complete response. The assertion that this request is objectionable because Defendant has not proven Plaintiff Lacey posted the photographs (to two separate Facebook accounts in her name) is meritless. Even if Defendant was not aware of the existence of these photographs and the fact that they were posted to Facebook, Plaintiff Lacey still has an obligation to search for responsive documents. "A requesting party has no obligation to prove

April 4, 2019
Page 4

relevant social media evidence exists or is publicly available before a responding party's duty to conduct a reasonable inquiry is triggered." The Sedona Conference, Primer on Social Media, Second Edition, 20 Sedona Conf. J. 1 (forthcoming 2019) (citing FED. R. CIV. P. 26(g)(1); *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 114 (E.D.N.Y. 2013)) ("The Federal Rules of Civil Procedure do not require a party to prove the existence of relevant material before requesting it. Furthermore, [such an] approach improperly shields from discovery the information of Facebook users who do not share any information publicly.").

Law Enforcement and Criminal History Records:

We have raised the issue of Plaintiffs' inadequate response to these requests numerous times, most recently last month. You will recall your position was such requests are not proportional to the needs of the case given the City could obtain this information in the public domain. Defendant intends to bring a motion to compel based on this improper objection. *See CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 328 F.R.D. 231, 237 (N.D. Iowa 2018) (finding "defendant argues that because the information sought is publicly available, defendant need not produce the information. Defendant, however, is mistaken. Although courts in other circuits have declined to compel production of publicly available documents, courts in the Eighth Circuit have explicitly rejected that position.").

Medical Records:

As you are aware, Defendant served Requests for Admissions on the individual Plaintiffs in the hopes that these requests could limit the discovery disputes between the parties. Given the current schedule established by the Court, and the need to address this issue prior to the deadline to provide a response, Defendant asks that Plaintiffs' counsel provide Defendant with information regarding the anticipated response.

We are available to meet and confer any time after 1:30 PM CST on Friday, April 5, 2019. We appreciate your attention to these matters and look forward to your response.

April 4, 2019
Page 5


Sincerely,

IVERSON REUVERS CONDON

*Paul D. Reuvers*

Paul D. Reuvers
(952) 548-7205
paul@irc-law.com