**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**CIVIL MOTION HEARING**

---

Thelma Jones, Priyia Lacey, Faisa Abdi, Ali Ali, Rukiya Hussein, Lucia Porras, David Trotter-Ford, and Somali Community Resettlement Services, Inc.,

                    Plaintiffs,

v.

City of Faribault,

                    Defendant.

**COURT MINUTES – CIVIL**
BEFORE: Hildy Bowbeer
U.S. Magistrate Judge

| | |
|---|---|
| Case No.: | 18-cv-1643 (JRT/HB) |
| Date: | April 25, 2019 |
| Courthouse: | St. Paul |
| Courtroom: | 6B |
| Court Reporter: | Erin Drost |
| Time: | 9:37-11:24 a.m. |
| Total Time: | 1 hour and 47 minutes |

---

**APPEARANCES:**

For Plaintiffs: Alejandro Ortiz, Teresa Nelson, and Joshua Riegel
For Defendant: Paul Reuvers and Andrew Wolf

**PROCEEDINGS:**

Plaintiffs' Motion to Compel [Doc. No. 31] was argued and submitted.  Plaintiffs' motion raised discovery disputes regarding the adequacy of the privilege log submitted by Defendant, and Defendant's objections to producing "occupancy registers."  For the reasons fully described on the record, the Court granted Plaintiff's motion with regard to the occupancy registers, and granted it in part, denied it in part, and held part of it in abeyance with regard to the privilege log.

Privilege Log:
The Court denied Plaintiffs' motion insofar as it sought a finding that Defendant had waived its claim of privilege by failing to provide an adequate privilege log.  The Court did, however, order Defendants to provide additional information to Plaintiffs, particularly on the subject of the roles and responsibilities of the persons identified on the log as having sent or received privileged communications.  Specifically, the Court instructed Defendant to supplement its privilege log by providing a "key" to the individuals named in the log.  The key should include the following information:

1.  What position or positions the individual had at all times pertinent to the listed communications;
2.  What responsibilities the individual had with regard to the subject areas to which the privileged communications which they received pertained;

3. Any other nonprivileged information regarding the individual's role and responsibilities that would help to explain why the individual had a need (or the City had a need for the individual) to seek or to know the legal advice conveyed.

In addition, where the subject description column on the privilege log is essentially devoid of any description (e.g., because the subject line on the actual communication did not contain such information), Defendant must where possible provide some description of the subject of the communication at least comparable in detail to other entries with more descriptive subject entries.

The Court ordered Defendant to provide the supplement to Plaintiffs by the close of business Monday, April 29, 2019. As counsel compiles that information, the Court expects that they will revisit the designation of the documents in the log to identify any documents that should not, in retrospect, have been designated as privileged. Any such documents should be produced promptly so they are available to Plaintiffs' counsel for upcoming depositions.

In addition, after Plaintiffs have had the opportunity to review the additional information required by this Order, the Court is willing, if necessary, to conduct an *in camera* review of a subset of documents identified in the log. The Court will issue an order outlining the process for submitting documents for that review.

Occupancy Registers:
The Court ordered Defendant to work with Plaintiffs' counsel to develop a letter that Defendant will send by U.S. Mail to licensees that are required to maintain occupancy registers pursuant to the city ordinance at issue in this lawsuit. After the letter goes out, the parties must continue to collaborate regarding a reasonable and proportional path forward in view of the responses received.

In addition, to lay the groundwork for a possible alternate approach in the event of an inadequate response to the letter, the Court instructed Defendant to compile and produce a list of addresses for all rental properties within its jurisdiction, with the names of the applicable license holders and the number of units within each property. Defendant is expected to make reasonable efforts to produce accurate and useable information given the stated limitations of the data management software used by Defendant, and will disclose to Plaintiffs any caveats or limitations as to the accuracy or gaps in the information provided. Based on the information provided, Plaintiffs will explore with their expert the adequacy of the response to the direct mailing, or the possibility of supplementing it by seeking a representative sample of occupancy registers. If the parties are unable to work through the remainder of this process by agreement, the Court encouraged them to consider its IDR process.

s/Brian Bender
Judicial Law Clerk