# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Thelma Jones, Priyia Lacey, Faisa Abdi, Ali Ali, Rukiya Hussein, Lucia Porras, David Trotter-Ford, and Somali Community Resettlement Services, Inc. | Civil No. 18-cv-1643 (JRT/HB) |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Faribault, | |
| Defendant. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiffs' Motion to Compel [Doc. No. 31]. The Court resolved several issues raised by Plaintiffs' motion by prior order. (Apr. 25, Minute Entry [Doc. No. 48].) The Court deferred final ruling, however, on Plaintiffs' challenges to Defendant's privilege log. *See* (*id.*) Plaintiffs seek production of documents withheld by Defendant on privilege and/or work product grounds. The Court agreed to conduct an *in camera* review of up to 24 documents selected by Plaintiffs from the log, and issued an order prescribing a process for that review. (Apr. 29 Order [Doc. No. 50].). Having reviewed the parties' submissions and the selected documents, the Court now issues the following ruling[1]:

---

[1] The "ICR" number refers to the In Camera Review log prepared by Defendant at the Court's request. This Order addresses every document on that log for which *in camera* review was being sought as of the conclusion of the parties' supplemental submissions. Any ICR numbers not addressed in this Order relate either to documents for which Plaintiffs subsequently withdrew their request for *in camera* review or additional documents that were submitted by Defendant to provide context for the review.

As to documents ICR ## 2, 3, 6, 7, 9, 16, and 20, the Court finds that Defendant has met its burden of demonstrating that the documents, or the redacted portions thereof, reflect communications between attorney and client pursuant to a request for legal advice, and that the individuals who requested and received the communications did so in the course and scope of their responsibilities on behalf of their employer, and that "the communication[s] [were] not disseminated beyond those persons who, because of the corporate structure, need[ed] to know [their] contents," *Nat'l Credit Union Admin. Bd. v. CUMIS Ins. Soc'y, Inc.*, No. 16-CV-139 (DWF/LIB), 2017 WL 4898500 at *5 (D. Minn. Sept. 28, 2017) (Brisbois, Mag. J.) (internal quotes omitted), including in those instances where the advice received from counsel was forwarded to another employee. While Plaintiffs urge that in the absence of an explicit affidavit from each individual's supervisor that the supervisor had expressly directed his or her subordinate to consult with counsel, the Court believes that overstates *Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 602 (8th Cir. 1977) and its progeny. As Plaintiffs observe, the Eighth Circuit's modification of the so called "*Harper & Roe*" test was primarily directed to concerns that a business entity, which can only act through individuals, would attempt to attach privilege to every communication by running it through counsel. Where, as here, it has been established that an individual has been assigned to a particular project, where the project—the drafting, revision, and implementation of a city ordinance—is intertwined with the law and requires the input of counsel, where the content of the exchange with counsel is consistent with the role assigned, and where nothing in the documents the Court has reviewed *in camera* indicates that those who consulted with counsel or received counsel's advice did so except insofar as it was relevant to his or her assigned role, the Court concludes the supervisor's direction that the individual consult with counsel

2

as needed to perform his or her role was implicit.  The Court finds nothing in *Diversified* or its progeny to suggest otherwise.  Accordingly, Defendant's privilege assertions as to those documents are upheld.

As to document ICR # 4, the Court finds that certain portions of the redacted text do not reflect a request for or communication of legal advice.  Therefore, Defendant must produce a new redacted version of this document that, in addition to portions already disclosed, also discloses the last two sentences of the March 12, 2014, email from Mark Krenik to Andy Bohlen, and the first sentence of the March 12, 2014, email from Andy Bohlen to Doug Delesha and Mark Krenik.  The Court finds the remainder of the document to be privileged.

Documents ICR ## 11 and 22 raise the issue of the City's relationship with the Faribault HRA, which the City has maintained is a separate entity and from whom documents were separately subpoenaed (and from whom documents were separately produced).  There are, however, shared employees between the City and the HRA, such that a given City employee may also have duties for the HRA and may have both City and HRA documents in his or her email account.  And both the City and the HRA have common counsel, the law firm of Kennedy & Graven.  Thus, inevitably, certain HRA documents were located during a search of email accounts for employees who have both HRA and City duties.  Document ICR # 11 is an example of such a document.  As the City acknowledges, the document is not in and of itself privileged, but it was attached to and was the subject of a request for legal advice by the employee in the course and scope of her duties for the HRA.  Moreover, Defendant has represented that the same document, not attached to a request for legal advice, was found elsewhere in Defendant's records and included in its production.

3

Therefore, the Court upholds Defendant's objection to producing ICR # 11 on the ground that production in this context would reveal the subject matter on which legal advice was requested by the HRA.[2]

Similarly, document ICR # 22 is another document that came up in a search of the same shared employee's email account and relates to the request and receipt of legal advice in connection with her responsibilities to the HRA. ICR # 22 is an email communicating, verbatim, the advice received to the individual who requested it. The Court finds the privilege objection is well taken.

As to document ICR # 12, the Court finds that certain portions of the redacted text do not reflect a request for or communication of legal advice. Therefore, Defendant must produce a new redacted version of this document that, in addition to portions already disclosed, also discloses the March 7, 2017, email from Deanna Kuennen to Scott Riggs and Robert Alsop, cc'ing Jean Short and Andy Bohlen. The Court finds the remainder of the document to be privileged.

As to documents ICR ## 13 and 14, the Court finds that certain portions of the documents either do not reflect a request for or communication of legal advice, or reflect information that has already been disclosed to Plaintiff (namely, that counsel was consulted

---

[2] The parties engaged in an extended discussion in their submissions about whether the common interest defense or joint representation doctrines might apply to these documents. The Court does not find that discussion relevant here. The issue is not whether there is a common interest in this litigation, but whether the shared employee appropriately sought and received legal advice on behalf of the entity for whom she was acting and communicated that advice appropriately. There is no evidence before the Court that this advice requested and received on behalf of the HRA was communicated to employees acting for the City. That in an abundance of caution, the City's litigation counsel chose to include in its privilege log privileged HRA documents found in the email accounts of these shared employees does not show the contrary.

for legal advice on the Rental Ordinance). Therefore, Defendant must produce a new, redacted version of this document that redacts only item numbers 2 through 9 inclusive in the list contained in the email that comprises these documents. As to item numbers 2 through 9, the Court finds that portion of these documents to be privileged.

As to document ICR # 15, Defendant has withdrawn its claim of privilege and therefore the document must be produced. In addition, Defendant must review the other documents that it withheld or redacted on privilege grounds to determine whether any other documents that were withheld or redacted on the basis of similar reasoning, and must produce any such documents unless there was a sufficient alternative basis to withhold or redact such documents.

As to document ICR # 17, the Court finds that certain portions of the redacted text do not reflect a request for or communication of legal advice. Therefore, Defendant must produce a new redacted version of this document that, in addition to portions already disclosed, also discloses the August 16, 2017, email from Deanna Kuennen to Robert Alsop, cc'ing Scott Riggs, Tim Murray, Andy Bohlen, and Marty Smith, except for the first sentence of that email (i.e., the sentence immediately following the greeting). The Court finds the remainder of the document to be privileged.

As to document ICR # 19, that document is not in and of itself privileged, but Defendant represents that it was attached to and was the subject of a request for legal advice (ICR # 18) which was not itself relevant or responsive to Plaintiffs' discovery. The inclusion of ICR # 19 on the privilege log indicates that Defendant considers it relevant and responsive, but unlike ICR # 11, Defendant makes no representation as to whether a document that was substantially the same as ICR # 19 was found elsewhere in Defendant's

records and included in its production.  Moreover, it would be difficult to discern the content of the request for legal advice or the content of the advice itself from ICR # 19.  Accordingly, the Court orders Defendant either to produce ICR # 19 or to confirm that a document substantially the same as ICR # 19 has already been produced.  If the latter, Defendant need not identify which document in its production was substantially the same as ICR # 19 but need only confirm that it has been produced.

Defendant must produce the additional documents and confirmations required herein on or before June 12, 2019.  Finally, except as already noted with regard to ICR # 15, the Court does not find that the additional information ordered to be produced as a result of this review is so material that it warrants ordering a re-review of Defendant's privileged documents or a more extensive *in camera* review, let alone a finding that Defendant has waived its claims of privilege with respect to the documents that were withheld.

**IT IS SO ORDERED.**

Dated:  June 4, 2019       s/ *Hildy Bowbeer*
                                                        HILDY BOWBEER
                                                      United States Magistrate Judge