IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THELMA JONES, PRIYIA LACEY, FAISA ABDI, ALI ALI, RUKIYA HUSSEIN, LUCIA PORRAS, DAVID TROTTER-FORD, AND SOMALI COMMUNITY RESETTLEMENT SERVICES, INC., | Case: 18-cv-1643 (JRT/HB) |
| Plaintiffs, | |
| v. | |
| CITY OF FARIBAULT, | |
| Defendant. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**

## INTRODUCTION

On September 25, 2018, the Court entered a Pretrial Scheduling Order which established "[e]xpert discovery, including depositions, shall be completed by August 1, 2019." Pretrial Scheduling Order, at 9, September 25, 2018, Doc. #21. Over the next nine months the parties worked diligently to complete fact and expert discovery consistent with the timelines established by the Court. Plaintiffs disclosed two initial experts, Dr. Christopher Wildeman and Dr. Allan McMillan Parnell. Defendant disclosed its initial expert—Dr. Alejandro del Carmen—on

June 3, and on July 1 Defendant disclosed a rebuttal report from Dr. del Carmen under Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

On June 28, 2019, the parties jointly agreed to extend the deadline for expert discovery to September 6, 2019, and further agreed to extend the deadline for motions related to expert discovery to September 20, 2019. Joint Stipulation to Extend Discovery Deadline, at 2, Doc. #72, June 28, 2019. The Court adopted the parties' stipulation and granted the agreed upon extension on July 1, 2019. Order on Second Joint Stipulation to Extend Discovery Deadline, Doc. #74, July 1, 2019.

The parties scheduled expert depositions to occur throughout August and continued to work toward completing expert discovery within the modified deadlines established by the Court. On August 12, however, Defendants received a Restricted Order from its expert Dr. Alejandro del Carmen. The Order—which was issued by the Honorable Gustavo A. Gelpí, Chief Judge for the United States District Court for the District of Puerto Rico—restricted Dr. del Carmen from participating or testifying (as an expert, witness, or in any other capacity) in any litigation where the American Civil Liberties Union ("ACLU") is a party or counsel, including this action.

Defendant worked diligently to address the issue to no avail. Defendant—joined by Plaintiffs—requested Judge Gelpí reconsider his Order and allow Dr. del Carmen to continue serving as an expert in this case. This attempt was

fruitless, as Judge Gelpí denied the motion for reconsideration and maintained the prohibition as to Dr. del Carmen.

Defendant now moves this Court for a modification to the Pretrial Scheduling Order so that this matter may be justly and equitably litigated.

## LEGAL STANDARD

Fed. R. Civ. P. 16(b)(4) provides a Pretrial Scheduling Order can be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16. "The Federal Rules of Civil Procedure require the Court to construe and administer Rule 16 'to secure the just, speedy, and inexpensive determination of the action.'" *Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (quoting *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014) (internal alterations omitted)). "[T]here is not a clear test for when a party is diligent enough to establish good cause." *Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *4 (D. Minn. Aug. 4, 2017). "[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order." *Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).

## ARGUMENT

The Court should grant Defendant's motion to modify the scheduling order because justice requires it, and further, because Plaintiffs do not oppose it.[1]

The current situation unfolded despite Defendant's diligence in researching, identifying, retaining, and disclosing both initial and rebuttal experts consistent with the Court's deadlines. Defendant has not only been diligent in its efforts to complete expert discovery, but has also been diligent in its efforts to remedy the situation created by Judge Gelpí's Order.

The Court should grant Defendant's motion based on the foregoing good cause shown. A motion to modify a pretrial scheduling order to allow for substitution of an expert witness is properly granted when the party seeking substitution promptly notified the Court and the opposing parties, and when the expert witness withdrew for reasons outside of the party's control. *See Fagen, Inc. v. Exergy Dev. Grp. of Idaho, L.L.C.*, No. CV 12-2703 (JRT/SER), 2016 WL 2885958, at *3 (D. Minn. May 17, 2016) (collecting cases).

---

[1] Plaintiffs' counsel has requested this footnote:

> Although Plaintiffs do not oppose the relief sought herein, they reserve the right to revisit the scheduling order if Judge Gelpi's Order prohibiting Dr. del Carmen from participating in this case is vacated or if Dr. del Carmen otherwise becomes available to participate in this case.

Modification of the Scheduling Order is not only warranted based on the foregoing good cause shown, it is also warranted because it will only briefly delay the progress of this matter. Under the circumstances, Defendant proposes, and the Plaintiffs do not oppose, the following modifications:

> Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:
>
>> Identification by Defendant on or before **November 1, 2019**.
>>
>> Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **November 1, 2019**.
>>
>> Rebuttal expert identities and disclosures on or before **December 2, 2019**.
>
> Expert discovery, including depositions, shall be completed by **January 17, 2020**.
>
> Non-dispositive motion deadline related to experts: **January 31, 2020.**
>
> All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **March 2, 2020.**

## CONCLUSION

Notwithstanding Defendant's diligence, the parties are currently litigating this matter on unequal footing. Modification of the Pretrial Scheduling Order

...

will remedy this inequality and permit a just, speedy, and inexpensive resolution of this action. For the aforementioned reasons, Defendant's motion should be granted.

IVERSON REUVERS CONDON

Dated: September 6, 2019

By s/ Paul D. Reuvers
   Paul D. Reuvers, #217700
   Jason J. Kuboushek, #0304037
   Andrew A. Wolf, #398589
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
paul@irc-law.com
jasonk@irc-law.com
andrew@irc-law.com

*Attorneys for Defendant City of Faribault*